IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03055-GPG

ALEXANDER S. MARDIS, Pro Se In Forma Pauperis,

    Applicant,

v.

JAMES FALK, Warden, SCF,

    Respondent.

---

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

---

Applicant, Alexander S. Mardis, is a prisoner in the custody of the Colorado Department of Corrections currently incarcerated at the correctional facility in Sterling, Colorado.  Mr. Mardis has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1).  The Court must construe the Application liberally because Mr. Mardis is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  Mr. Mardis will be ordered to file an amended application if he wishes to pursue any claims in this action.

The application is deficient because Mr. Mardis makes only vague and conclusory allegations that his custody is unlawful.  He fails to explain why he believes his custody is unlawful and he fails to provide a clear statement of his claims that demonstrate his federal constitutional rights have been violated. The claims he raises

involve various issues regarding errors in his state court conviction (claim 1), parole

revocations and other parole issues (claim 2), and computation of his sentences (claim

3).  Thus, it unclear whether Mr. Mardis is challenging the validity of his state court

criminal conviction, a claim that properly would be asserted in a habeas corpus action

pursuant to 28 U.S.C. § 2254, or whether he is challenging the execution of his

sentence, a claim that properly is asserted pursuant to § 2241.  Although the court must

construe the application liberally, "the court cannot take on the responsibility of serving

as the litigant's attorney in constructing arguments and searching the record."  *Garrett*

*v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Habeas corpus relief is warranted only if Mr. Mardis "is in custody in violation of

the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).

Pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the

United States District Courts, which apply to this habeas corpus action even if Mr.

Mardis is challenging the execution of his sentence pursuant to § 2241, Mr. Mardis

must provide specific factual allegations in support of the federal constitutional claim he

is asserting.  These habeas corpus rules are more demanding than the rules applicable

to ordinary civil actions, which require only notice pleading.  *See Mayle v. Felix*, 545

U.S. 644, 655 (2005).  "A prime purpose of Rule 2(c)'s demand that habeas petitioners

plead with particularity is to assist the district court in determining whether the State

should be ordered to 'show cause why the writ should not be granted.'"  *Id.* at 656

(quoting 28 U.S.C. § 2243).  Naked allegations of constitutional violations are not

cognizable in a habeas corpus action.  *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th

Cir. 1992) (per curiam).  Accordingly, it is

ORDERED that, **within thirty (30) days from the date of this order**, Mr. Mardis file an amended application that clarifies the federal constitutional claims he is asserting.  It is

FURTHER ORDERED that Mr. Mardis shall obtain the appropriate, court-approved habeas corpus application form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Mardis fails within the time allowed to file an amended application that complies with this order, the action will be dismissed without further notice.

DATED December 10, 2014, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

_____

United States Magistrate Judge