IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03055-GPG

ALEXANDER S. MARDIS, Pro Se In Forma Pauperis,

Applicant,

v.

JAMES FALK, Warden, SCF,

Respondent.

---

ORDER OF DISMISSAL

---

Applicant, Alexander S. Mardis, is a prisoner in the custody of the Colorado Department of Corrections currently incarcerated at the correctional facility in Sterling, Colorado.  Mr. Mardis filed *pro se* an Amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 on February 17, 2015 (ECF 15).  He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (ECF 7).

On March 12, 2015, Magistrate Judge Gallagher directed Respondent to file an amended Preliminary Response to address whether Applicant's claims in the Amended Application are subject to dismissal for failure to exhaust state court remedies.  (ECF 18). Respondent submitted an Amended Preliminary Response on April 2, 2015 (ECF No. 20).  Applicant did not file a Reply. For the reasons stated below, the § 2241 Application will be dismissed.

Mr. Mardis alleges that he is being illegally detained because his parole was unlawfully revoked and his new parole dates have been rescinded and finally deferred.

Respondent argues that Mr. Mardis has failed to exhaust available state court remedies for his claims challenging the parole revocation and rescissions (ECF 20).  Mr. Mardis' statutory discharge date is May 11, 2015.

**Exhaustion of State Court Remedies**

A habeas petitioner under § 2241 is required to exhaust both state court and administrative remedies. *Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002); *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000).  The petitioner "must have first fairly presented the substance of his federal habeas claim to state courts." *Hawkins v. Mullin*, 291 F.3d 658, 668 (10th Cir. 2002); *Picard v. Connor*, 404 U.S. 270, 278 (1971) ("Fair presentation" requires that the "substance of a federal habeas corpus claim" must have been presented to the state courts.).  The exhaustion requirement is satisfied if the petitioner presents his claim through one "complete round of the State's established appellate review process." *Woodford v. Ngo*, 548 U.S. 81, 92 (2006) (citations and internal quotation marks omitted).  "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. 2254( c). "The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).  A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies.  *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Respondent contends that Applicant filed a Petition for Postconviction Relief Pursuant to Crim. P. 35(c) in Weld County, Colorado, which was denied. (*See* ECF 20, Respondent's Amended Preliminary Response, Attachment E).  The Applicant filed a

2

Notice of Appeal on December 24, 2014 and an Amended Notice of Appeal on January 13, 2015, but the Colorado Court of Appeals has not yet ruled on the appeal. (*Id.*, Attachment F). On October 22, 2014, Applicant filed an original proceeding Petition for Writ of Habeas Corpus with the Colorado Supreme Court. (*Id.*, Attachment G). However, the Colorado Supreme Court has not yet ruled on his Petition. (*Id.*)

The Court finds that Mr. Mardis has failed to exhaust all available state court remedies. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989).  The Colorado Court of Appeals and the Colorado Supreme Court have not yet ruled on Mr. Mardis' claims. Accordingly, it is

ORDERED that the Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF 15), filed by Applicant, Alexander Mardis, on February 17, 2015, is DENIED and this action is DISMISSED without prejudice.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied for the purpose of appeal.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Mardis files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. It is

FURTHER ORDERED that the Motion "Providing Clarity and Requesting Registry of Actions" (ECF 17) is DENIED as MOOT.


DATED April 29, 2015. at Denver, Colorado.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court